| | |
|---|---|
| | Judge: Philip H. Brandt<br>Chapter: 7<br>Hearing Date: December 16, 2009<br>Hearing Site: 1717 Pacific Ave.,<br>  Courtroom I,<br>  Tacoma, WA 98402<br>Hearing Time: 9:30 a.m. |

**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In Re:<br><br>ERNESTO RANGEL,<br><br>Debtor.<br>KATHRYN ELLIS, solely in her capacity as Chapter 7 Trustee of the estate of Ernesto Rangel,<br><br>Plaintiff,<br>v.<br><br>LINDA RANGEL,<br><br>Defendant. | Case No. 06-41559<br><br>Adversary No. 07-4155<br><br>**PLAINTIFF TRUSTEE'S STATEMENT REGARDING MONEY JUDGMENT VS. INTEREST IN PROPERTY** |

KATHRYN ELLIS, the Chapter 7 trustee in this bankruptcy proceeding and the Plaintiff in the above-captioned adversary proceeding, by and through her undersigned counsel files this statement regarding whether there should be a money judgment or interest in property awarded.

It is undisputed (and a finding of fact made by this Court) that the Decree of Dissolution stated the debtor agreed to the property division when he did not. The Court avoided the transfer of the property transferred per the decree.

The Decree of Dissolution was never recorded by the Defendant, and thus on the date of filing of the Rangel case the debtor was still in title in the county records and so remains today. Moewes Declaration, Exhibit "1". Thus, the debtor currently has a ½ interest in the property.

PLAINTIFF TRUSTEE'S STATEMENT
REGARDING MONEY JUDGMENT V.
INTEREST IN PROPERTY
Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

The Trustee believes the Court should order the property sold and state the amount the trustee is to be paid from the sales proceeds ($132,500.00).

The Trustee also asks that this Court review its ruling in relation to giving Linda Rangel a $15,000 credit for the monies she paid to the Debtor after the dissolution. The testimony of Ms. Rangel was that she refinanced the property (on which the debtor was still listed as a ½ owner) on January 13, 2005 pursuant to which BECU loaned Defendant Sixty-Five Thousand Dollars ($65,000.00) and BECU was given a second position deed of trust against the Residence (P 32). From the $65,000.00 the Defendant gave the debtor Fifteen Thousand Dollars ($15,000.00) and retained the remaining Fifty Thousand Dollars ($50,000.00) for her own personal use. The Defendant testified that the $15,000.00 she paid to the debtor was to reimburse him for mortgage payments he had made after the Decree of Dissolution was entered. Therefore, if she is given a credit for paying the debtor $15,000.00, then she should also be given a debit for the $15,000.00 of mortgage payments the debtor made.

The Defendant is asking that the Court award her substantial credits and offsets in the event Court awards the trustee an interest in the property. That analysis need not be conducted for two simple reasons.

First, the Defendant is the initial transferee and therefore not entitled to any 550 defenses at all. None. (docket #72, page 5-8).

Second, section 502(d) prohibits setoffs against fraudulent transfer actions – period. Thus the Defendant is not entitled to a "set off" under any circumstances.

Alternatively, even if the Defendant claimed credits related to the property, and the court found she might be eligible for reimbursement of mortgage payments as section 550 defenses, she would not be entitled to them as she had sole use and possession of the property (docket #72, page 8).

PLAINTIFF TRUSTEE'S STATEMENT
REGARDING MONEY JUDGMENT V.
INTEREST IN PROPERTY
Page 2

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Dated this 7th day of December, 2009.

WOOD & JONES, P.S.

*/s/ Denice E. Moewes*
Denice E. Moewes, WB#19464
Attorney for Chapter 7 Trustee
Kathryn A. Ellis

PLAINTIFF TRUSTEE'S STATEMENT
REGARDING MONEY JUDGMENT V.
INTEREST IN PROPERTY
Page 3

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382